Slip Op. 16-106

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **JIANGSU TIANGONG TOOLS COMPANY LIMITED,** | |
| Plaintiff, | |
| v. | |
| **UNITED STATES,** | Before: Jennifer Choe-Groves, Judge |
| Defendant, | Court No. 16-00140 |
| and | |
| **SSAB ENTERPRISES LLC ET AL.,** | |
| Defendant-Intervenors. | |

## <u>OPINION</u>

[Granting Defendant's motion to dismiss for lack of jurisdiction.]

Dated: November 17, 2016

<u>Kristin H. Mowry</u>, <u>Jeffery S. Grimson</u>, <u>Jill A. Cramer</u>, <u>Sarah M. Wyss</u>, <u>Yuzhe PengLing</u>, and <u>James C. Beaty</u>, Mowry & Grimson, PLLC, of Washington, DC, for plaintiff Jiangsu Tiangong Tools Company Limited.

<u>Tara K. Hogan</u>, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant United States.  With her on the brief were <u>Benjamin C. Mizer</u>, Principal Deputy Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.  Of counsel on the brief was <u>Mercedes C. Morno</u>, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

<u>Roger B. Schagrin</u> and <u>Jordan C. Kahn</u>, Schagrin Associates, of Washington, DC, for defendant-intervenor SSAB Enterprises LLC.

<u>Melissa M. Brewer</u>, <u>Paul C. Rosenthal</u>, <u>Kathleen W. Cannon</u>, <u>R. Alan Luberda</u>, and <u>John M. Herrmann</u>, Kelley Drye & Warren LLP, of Washington, DC, for defendant-intervenor ArcelorMittal USA LLC.

Alan H. Price, Christopher B. Weld, and Stephanie M. Bell, Wiley Rein LLP, of Washington, DC, for defendant-intervenor Nucor Corporation.

Choe-Groves, Judge: This matter is before the court on Defendant's motion to dismiss for lack of jurisdiction.  See Def.'s Mot. Dismiss Lack Jurisdiction, Aug. 22, 2016, ECF No. 23. Plaintiff Jiangsu Tiangong Tools Company Limited ("Plaintiff") brings this action pursuant to 28 U.S.C. § 1581(i)(4) (2012)[1] for judicial review of several decisions made by the U.S. Department of Commerce ("Commerce") during an ongoing antidumping investigation into imports of certain carbon and alloy steel cut-to-length plate from the People's Republic of China ("PRC"). See Compl., July 29, 2016, ECF No. 5.  Plaintiff's Complaint alleges that Commerce's decisions to reject Plaintiff's Quantity and Value ("Q&V") questionnaire response, separate rate application, voluntary questionnaire responses, and request for individual examination were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law.  See Compl. ¶¶ 35–46.  Plaintiff asserts that the court has jurisdiction pursuant to 28 U.S.C. § 1581(i) because the remedy provided under 28 U.S.C. § 1581(c) would be manifestly inadequate.  See Compl. ¶¶ 5–8; Pl.'s Resp. Def.'s Mot. Dismiss Lack Jurisdiction 9–16, Sept. 1, 2016, ECF No. 32 ("Pl.'s Resp.").  For the reasons set forth below, the court finds that it lacks subject matter jurisdiction to hear Plaintiff's claims and grants Defendant's motion to dismiss for lack of jurisdiction.

[1] All citations to Title 28 of the U.S. Code are to the 2012 edition.

## BACKGROUND

On April 8, 2016, Commerce received a petition from ArcelorMittal USA LLC, Nucor

Corporation, and SSAB Enterprises LLC (collectively, "Defendant-Intervenors") to conduct an

antidumping investigation into imports of certain carbon and alloy steel cut-to-length plate from

several countries, including the PRC.  See Certain Carbon and Alloy Steel Cut-To-Length Plate

From Austria, Belgium, Brazil, France, the Federal Republic of Germany, Italy, Japan, the

Republic of Korea, the People's Republic of China, South Africa, Taiwan, and the Republic of

Turkey, 81 Fed. Reg. 27,089, 27,089–90 (Dep't Commerce May 5, 2016) (initiation of less-than-

fair-value investigations) ("Initiation Notice").  Subsequently, Commerce initiated the

antidumping duty investigation of such imports on April 28, 2016.  See id. at 27,094–95.  The

Initiation Notice stated that Commerce intended to issue the Q&V questionnaire directly to

potential respondents and make the Q&V questionnaire available electronically for those

exporters or producers who did not receive a Q&V questionnaire by mail.  See id. at 27,095.  The

Initiation Notice also stated that the Q&V questionnaire responses were due no later than May

12, 2016 and that respondents must timely submit both a response to the Q&V questionnaire and

a separate rate application to receive consideration for a separate rate.  See id.

On May 14, 2016, two days after the deadline set by Commerce, Plaintiff submitted its

Q&V questionnaire response with a request that Commerce extend the deadline and accept

Plaintiff's late response.  See Compl. Ex. 2.  On May 23, 2016, Commerce rejected Plaintiff's

Q&V questionnaire response as untimely and refused to extend the deadline.  See id. at Ex. 4.

On the same day, Plaintiff immediately filed a request asking Commerce to reconsider the

rejection of Plaintiff's Q&V questionnaire response.  See id. at Ex. 5.  Commerce rejected this

request on June 2, 2016.  See id. at Ex. 7.  Plaintiff filed its separate rate application on June 6,

2016, see id. at Ex. 14, which Commerce rejected on June 14, 2016 because Plaintiff's Q&V

questionnaire response was untimely.  See id. at Ex. 15.  On June 24, 2016, Plaintiff submitted

voluntary responses to Commerce's Section A Questionnaire, and on July 15, 2016, Plaintiff

submitted voluntary responses to Commerce's Sections C, D, and E Questionnaires.  See id. at

Exs. 16, 18.  Commerce rejected both submissions on June 29, 2016 and July 18, 2016,

respectively.  See id. at Exs. 17, 19.  Commerce scheduled the preliminary determination to be

issued on November 4, 2016.  See Def.'s Reply Pl.'s Resp. Def.'s Mot. Dismiss Lack

Jurisdiction 11 n.3, September 8. 2016, ECF No. 30.

Plaintiff commenced this action on July 29, 2016, asserting, *inter alia*, that the court has

jurisdiction to hear the case pursuant to 28 U.S.C. § 1581(i)(4).  See Compl.  On August 3, 2016,

Plaintiff filed a consent motion to expedite briefing and the court's review in this action, see

Consent Mot. Expedite, Aug. 3, 2016, ECF No. 8, which the court granted on August 8, 2016.

See Order, Aug. 8, 2016, ECF No. 17.  On August 22, 2016, Defendant filed a motion to dismiss

for lack of jurisdiction pursuant to USCIT Rule 12(b)(1).  See Def.'s Mot. Dismiss Lack

Jurisdiction.  Defendant-Intervenors submitted briefs supporting Defendant's argument that the

court lacks jurisdiction under 28 U.S.C. § 1581(i)(4).  See Br. Supp. Def.'s Mot. Dismiss, Aug.

22. 2016, ECF No. 24; SSAB's Br. Supp. Def.'s Mot. Dismiss, Aug. 22. 2016, ECF No. 25; Br.

Supp. Def.'s Mot. Dismiss, Aug. 29. 2016, ECF No. 30.  Plaintiff subsequently filed a response

brief on September 1, 2016 arguing that jurisdiction was proper under 28 U.S.C. § 1581(i)(4).

See Pl.'s Resp.  Defendant replied to Plaintiff's response on September 8, 2016.  See Def.'s

Reply Pl.'s Resp. Def.'s Mot. Dismiss Lack Jurisdiction.

## JURISDICTION

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction and is "presumed to be 'without jurisdiction' unless 'the contrary appears affirmatively from the record.'" DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (quoting King Iron Bridge & Mfg. Co. v. Otoe Cty., 120 U.S. 225, 226 (1887)).  The party invoking jurisdiction must "allege sufficient facts to establish the court's jurisdiction," id. at 1318 (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936)), and therefore "bears the burden of establishing it." Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  It is well-settled that a party may not invoke jurisdiction under 28 U.S.C. § 1581(i) "when jurisdiction under another subsection of 28 U.S.C. § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987) (citations omitted).

## DISCUSSION

Plaintiff contends that the court has jurisdiction pursuant to the residual jurisdiction clause under 28 U.S.C. § 1581(i)(4), which provides:

> (i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
>
> (1) revenue from imports or tonnage;
> (2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

> (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
> (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.
>
> This subsection shall not confer jurisdiction over an antidumping or countervailing duty determination which is reviewable either by the Court of International Trade under section 516A(a) of the Tariff Act of 1930 or by a binational panel under article 1904 of the North American Free Trade Agreement or the United States-Canada Free-Trade Agreement and section 516A(g) of the Tariff Act of 1930.

28 U.S.C. § 1581(i).  Plaintiff's action challenges several decisions made by Commerce during an ongoing antidumping investigation.  28 U.S.C. § 1581(c) provides the court with jurisdiction over actions challenging Commerce's final determination and attendant decisions in an antidumping duty investigation.  See 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(2)(B)(i)–(ii) (2012).[2]  A remedy under 28 U.S.C. § 1581(c) may be available to Plaintiff after Commerce issues a final determination, and this remedy can adequately address Plaintiff's claims.  Therefore, the court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1581(i)(4).

"[T]he party asserting § 1581(i) jurisdiction has the burden to show how [the potentially available] remedy would be manifestly inadequate."  Miller & Co., 824 F.2d at 963 (citations omitted).  Plaintiff asserts several reasons to support its position.  See Compl. ¶¶ 5–8; Pl.'s Resp. 9–16.  As discussed below, however, Plaintiff's arguments do not establish the court's jurisdiction under 28 U.S.C. § 1581(i).

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provision of Title 19 of the U.S. Code, 2012 edition.

First, Plaintiff avers that Commerce's rejection of Plaintiff's Q&V questionnaire response and subsequent submissions will result in the assessment of a PRC-wide duty rate that will cause "immediate and irreparable harm through the loss of significant sales volume to unrelated U.S. buyers," Compl. ¶ 6, and ultimately result in the loss of Plaintiff's "entire U.S. market, which averages between five and ten million dollars per year." Pl.'s Resp. 5. Because Plaintiff could be subject to the PRC-wide rate if Commerce issues an affirmative preliminary determination, Plaintiff argues that the immediate economic harm renders any remedy under 28 U.S.C. § 1581(c) manifestly inadequate. See id. at 5, 12–13. Plaintiff has failed, however, to cite any dispositive cases. Rather, for the purpose of establishing jurisdiction under 28 U.S.C. § 1581(i), "mere allegations of financial harm . . . do not make the remedy established by Congress manifestly inadequate." Miller & Co., 824 F.2d at 964 (citation omitted). Therefore, even if the court were to accept Plaintiff's allegations of financial harm as true, Plaintiff's argument does not establish jurisdiction in this case.

Second, Plaintiff argues that the delay inherent in waiting for Commerce to complete the underlying administrative proceeding before seeking redress under 28 U.S.C. § 1581(c) makes that remedy manifestly inadequate. See Pl.'s Resp. 13–16. To support this proposition, Plaintiff relies on U.S. Cane Sugar Refiners' Ass'n v. Block, 683 F.2d 399 (C.C.P.A. 1982). See Pl.'s Resp. 13. Plaintiff's argument is inapposite. In a footnote addressing jurisdiction, the Court of Customs and Patent Appeals summarily affirmed the lower court's reasoning on jurisdiction, while only noting the potential for harm to the plaintiff in waiting for a prospective remedy under 28 U.S.C. § 1581(a). See U.S. Cane Sugar Refiners' Ass'n., 683 F.2d at 402 n.5. In holding that the court had jurisdiction under 28 U.S.C § 1581(i), the lower court did not determine that

another remedy would be manifestly inadequate, but rather that the statutory scheme did not

provide the plaintiff with a remedy under 28 U.S.C. § 1581(a).[3]  See U.S. Cane Sugar Refiners'

Ass'n v. Block, 3 CIT 196, 201–02, 544 F. Supp. 883, 886–87 (1982).  In any event, the Court of

Appeals for the Federal Circuit has further clarified that the delay in waiting for the appropriate

time to assert a claim under an enumerated jurisdictional grant does not confer jurisdiction

pursuant to 28 U.S.C. § 1581(i).  See Int'l Customs Prods., Inc. v. United States, 467 F.3d 1324,

1327 (Fed. Cir. 2012) ("[D]elays inherent in the statutory process do not render [the available

relief] manifestly inadequate.").  Therefore, the delay that Plaintiff must endure until Commerce

completes the administrative proceeding does not grant the court jurisdiction over Plaintiff's

action.

      Third, Plaintiff asserts that it cannot obtain full relief from a challenge of Commerce's

final determination under 28 U.S.C. § 1581(c).  See Pl.'s Resp. 15.  Plaintiff argues that:

> Full relief for [Plaintiff] is not an ex post determination of its deposit rate, and
> attendant refund after the conclusion of this investigation.  Full relief for the harm
> that [Plaintiff] has suffered, and will imminently suffer, is for Commerce to

---

[3] In U.S. Cane Sugar Refiners' Ass'n v. Block, the plaintiff challenged a Presidential
Proclamation that imposed quotas on the importation of sugar into the United States.  3 CIT 196,
200–02, 544 F. Supp. 883, 886–87 (1982).  Defendant asserted that the plaintiff was required to
follow the statutory scheme and exhaust administrative remedies under 19 U.S.C. §§ 1514 and
1515 before challenging under 28 U.S.C. § 1581(a).  See id.  The court noted, however, that such
an exercise would be unreasonable because it would "require plaintiff's members to attempt to
import over-quota sugar simply in order to obtain a protestable exclusion of the merchandise
from entry under 19 U.S.C. § 1514 before seeking judicial review of the validity of the
proclamation imposing the quota in a suit for injunctive and declaratory relief."  Id. at 201, 544
F. Supp. at 887.  Further, the court recognized that a protest could not provide the plaintiff with
relief at the administrative level because "Customs officials, who would review a protest
claiming that [the proclamation was] invalid, obviously [had] no authority to override the
presidential proclamation and admit over-quota sugar."  Id.  Therefore, the court determined that
no remedy would be available under 28 U.S.C. § 1581(a) and, as such, jurisdiction under 28
U.S.C. § 1581(i) was proper.  See id.

> accept [Plaintiff's] quantity and value questionnaire response and provide a determination that reflects due consideration of that information.[4]

Id.  Despite this argument, Plaintiff's ultimate goal is to avoid the PRC-wide duty rate and

instead be assigned a rate based on either an individual examination or a separate rate

application.  Plaintiff argues that a remedy under 28 U.S.C. § 1581(c) could not provide such

relief.  However, the court has the ability to grant appropriate relief in cases involving review

under 28 U.S.C. § 1581(c).  For example, in Artisan Mfg. Corp. v. United States, the court found

that Commerce's decision to assess a PRC-wide rate against a plaintiff who had filed an

untimely Q&V questionnaire response was an abuse of Commerce's discretion.  38 CIT ___,

___, 978 F. Supp. 2d 1334, 1341–49 (2014).  The court subsequently set aside Commerce's final

determination with respect to the plaintiff and remanded the issue to Commerce for

redetermination.  See id. at ___, 978 F. Supp. 2d at 1350.  Similarly, here, Plaintiff may have

access to a remedy under 28 U.S.C. § 1581(c) if Commerce issues an affirmative final

determination that results in the publication of an antidumping order.  If, at that time, the court

determines that Commerce has abused its discretion in rejecting Plaintiff's filings, then the court

may remand the case to Commerce for redetermination.  Such a remedy could provide Plaintiff

with the relief that it seeks; therefore, an effective statutory remedy under 28 U.S.C. § 1581(c)

would be available to Plaintiff at a later date under the appropriate circumstances.

---

[4] Plaintiff further asserts that a remedy under 28 U.S.C. § 1581(c) would not be informed by Plaintiff's Q&V questionnaire response and separate rate application as Commerce has removed all of Plaintiff's submissions from the administrative record. See Pl.'s Resp. 12.  This argument is unconvincing because the content of Plaintiff's Q&V questionnaire response and separate rate application is not necessary for the court to address Plaintiff's claims.

Fourth, Plaintiff argues that asserting jurisdiction under 28 U.S.C. § 1581(i) would "avoid wasting the resources of the Department of Justice, Commerce, this Court and the other parties," and would save Plaintiff the costs of "any subsequent litigation."  Pl.'s Resp. 14.  However, neither the claims of efficiency nor the burdens of litigation render the statutorily enumerated remedies insufficient.  See Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.") (citations omitted); Am. Air Parcel Forwarding Co. v. United States., 718 F.2d 1546, 1551 (Fed. Cir. 1983) (quoting J.C. Penney Co. v. U.S. Treasury, 439 F.2d 63, 68 (2d Cir. 1971) ("[T]he mere fact that more desirable remedies are unavailable does not mean that existing remedies are inadequate.")).  Therefore, even if the court were to take Plaintiff's claims of expediency and efficiency as true, this argument does not establish jurisdiction in this case. Plaintiff has failed to demonstrate that the remedy under 28 U.S.C. § 1581(c) is manifestly inadequate and, as such, the court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i)(4).

Defendant's motion to dismiss further argues that the court lacks jurisdiction because Commerce's rejections of Plaintiff's filings are not final decisions, and therefore Plaintiff's claims are not ripe for decision under 28 U.S.C. § 1581(i).  See Def.'s Mot. Dismiss Lack Jurisdiction 12–16.  Plaintiff contends that Commerce's repetitive refusal of Plaintiff's filings demonstrates that Commerce has made a final decision on the issue and therefore the court has jurisdiction.  See Pl.'s Resp. 16–20.  The court notes that Commerce has neither issued a final determination in this matter, nor assessed the PRC-wide duty rate against Plaintiff.  It is not necessary, however, for the court to resolve the question of whether Commerce's denial of Plaintiff's filings amounts to a final decision at this time.  It is clear that jurisdiction under 28

U.S.C. § 1581(i) is unavailable in this case because another statutorily enumerated remedy may be available and Plaintiff has not met its burden to show how that remedy would be manifestly inadequate.

## **CONCLUSION**

For the foregoing reasons, a remedy may be available under 28 U.S.C. § 1581(c) following Commerce's issuance of a final determination, and such remedy is not manifestly inadequate.  Therefore, the court lacks jurisdiction under 28 U.S.C. § 1581(i) and the Complaint is dismissed.

Judgment will be entered accordingly.


                                                                    /s/ Jennifer Choe-Groves
                                                                    Jennifer Choe-Groves, Judge

Dated:  November 17, 2016
            New York, New York